Richard WALKLEY, Respondent,

v.

SEARS, ROEBUCK & CO., Appellant.

No. 36606.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 13, 1976.

Anderson, Gilbert, Wolfort & Allen & Bierman, Karl J. Keffler, St. Louis, for appellant.

Kenneth M. Weinstock, Bahn & Saitz, St. Louis, for respondent.

CLEMENS, Presiding Judge.

On his Count I for false arrest the jury awarded plaintiff $500 actual and $10,000 punitive damages. On Count II for malicious prosecution the awards were $500 actual and $5,000 punitive damages. Defendant appeals from the $16,000 judgment.

Plaintiff has moved to dismiss defendant's appeal because of its defective brief. The argument part of the brief is not perfect; it does not mention any case listed under Points Relied On and is devoid of transcript references. We have decided, however, to consider defense contentions, and to deny the motion to dismiss.

On the night of September 22, 1972 plaintiff sought to buy a battery from one of defendant's salesmen. He wanted to use "lay-a-way" to take advantage of the battery's sale price, but after paying $5 down and being handed a sales slip, the salesman told plaintiff there was a 75-cent "lay-a-way" charge. Plaintiff asked if there would be such an extra charge if instead of

"lay-a-way" he used his Sears charge account. Being told no, an argument followed when plaintiff asked to have the battery charged to his account. The salesman jerked the sales slip out of plaintiff's hand and left, but returned with two security guards, one telling plaintiff he was under arrest for peace disturbance. The officers, one of them armed, handcuffed plaintiff and took him upstairs where he was ordered to enter a room. When he refused a guard pushed plaintiff against a wall, causing him to strike his head. He was kept in the room for an hour until police arrived and cited plaintiff for peace disturbance. He was not allowed to use the phone. While so confined plaintiff was "read his rights" by one of defendant's employees. His head and eye began to ache after the injury and later he was treated at a local hospital. He still had headaches at trial time. Plaintiff lost several days from his place of business in his successful *pro se* defense of the peace disturbance charge.

We consider defendant's five Points Relied On.

■ I. Defendant contends the trial court erred in allowing plaintiff's counsel to read into evidence statements from a defensive pleading. Defendant had filed an original "Answer" and later an "Amended Answer to First Amended Petition." At trial, plaintiff's counsel offered to read into evidence, as admissions against interest, portions of defendant's "answer" wherein defendant admitted it "did act through its employees, agents and servants acting within the scope of their employment." *After* plaintiff read this, defense counsel objected to reading pleadings into evidence. Assuming *arguendo* this was error, the objection was untimely and the trial court did not err in overruling defendant's objection.

■ II. Defendant contends plaintiff's verdict director for malicious prosecution was erroneous because it carried a tail negating an affirmative defense defendant had not submitted. Plaintiff submitted his malicious prosecution count by Instruction No. 5, MAI 23.07, hypothesizing that "defendant acted maliciously and without reasonable grounds." Defendant countered this by instruction No. 6, MAI 33.04, modified, conversing the quoted elements of plaintiff's Instruction No. 5. Plaintiff unnecessarily added to his Instruction No. 5 the tail "unless you believe plaintiff is not entitled to recover by reason of Instruction No. 6." That was defendant's converse instruction, not an affirmative defense instruction. A true converse instruction need not be negated. *Vondras v. Titanium Research & Development Co.*, 511 S.W.2d 883[13] (Mo.App.1974). Plaintiff's error in unnecessarily adding the tail to his verdict director merely added to his evidentiary burden and was not prejudicial to defendant. Compare *Joly v. Wippler*, 449 S.W.2d 565[4] (Mo.1970), and see numerous MAI cases annotated at Note 8, under How to Use This Book, Old Principles Still in Force. They hold harmless error is not prejudicial, and this was harmless error.

■ III. Defendant contends the trial court erred during plaintiff's closing argument concerning punitive damages by allowing plaintiff's counsel to write figures on a blackboard showing defendant's net worth, defendant contending the blackboard was not in evidence. It was not, but the amounts written were. Use of a blackboard to illustrate matters concerning damages already in evidence is not error. *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784[18] (Mo.1970); *Boese v. Love*, 300 S.W.2d 453[9, 10] (Mo.1957).

■ IV. In closing argument plaintiff mentioned that defendant had failed to call as a witness a Mr. Allen, one of the two guards who had arrested plaintiff. Defendant argued this was improper since by trial time Mr. Allen was no longer employed by defendant, and hence he was "equally available" to plaintiff. The trial court ruled Mr. Allen was not equally available and overruled defense objection. The point was not raised in defendant's motion for a new trial, and is not now reviewable.[1]

---

1. For academic interest only see *White v. Metropolitan Life Insurance Co.*, 218 S.W.2d 795[13, 14] (Mo.App.1949), and *Wehrkamp v.* *Watkins Motor Lines*, 436 S.W.2d 698[6] (Mo. 1969), holding a former employee was not "equally available."

V. Defendant contends the verdicts are excessive and grossly excessive as the result of bias and prejudice. The trial court found neither, nor do we. Considering the drastic conduct of defendant's guards and plaintiff's injuries, as well as his successful defense of defendant's unfounded criminal charge, we abide by the trial court's ruling upholding the verdict. Compare *Garvis v. K Mart Discount Store*, 461 S.W.2d 317[12–13] (Mo.App.1970), a false imprisonment case, where a judgment for $41 actual and $12,500 punitive damages was affirmed for similar reasons.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.